IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 00-20489
Conference Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO ALONSO-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-671-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Alejandro Alonso-Flores appeals the sentence imposed following his guilty-plea conviction for conspiracy to possess and aiding and abetting possession with intent to distribute cocaine. Alonso argues that the district court erred in determining that he was responsible for in excess of 150 kilograms of cocaine.

Alonso has filed a motion for leave to file a supplemental brief based on Jones v. United States, 526 U.S. 227 (1999) and Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Alonso's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

original brief was filed more than a year after the decision in Jones and more than four months after the decision in Apprendi. His motion is denied.

A sentencing court's determination of the quantity of drugs attributable to the defendant for purposes of calculating a defendant's sentence is a factual finding that is reviewed for clear error. United States v. Vine, 62 F.3d 107, 109 (5th Cir. 1995). Because the district court's determination that more than 150 kilograms was attributable to Alonso is plausible in light of the entire record, it is not clearly erroneous. See United States v. Perez, 217 F.3d 323, 331 (5th Cir.), cert. denied, 121 S. Ct. 416 (2000). Accordingly, the sentence imposed by the district court is affirmed.

AFFIRMED; MOTION DENIED.